# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **STACEY WALTERS,** | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | |
| Defendant. | : | Forfeiture: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p) |
| | : | |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE
## ( Wire Fraud)

### INTRODUCTION

At all times relevant to this Information:

1.   The defendant **STACEY WALTERS** ("**WALTERS**") was a resident of Indian Head, Maryland.

2.   Company A was a major university located in Washington, DC.

3.   Defendant **WALTERS'S** employment with Company A commenced on or about July 2010 as an Accountant II. Defendant **WALTERS'S** duties included, but were not limited to, preparing financial reports and performing general accounting and budget functions in support of Company A. Defendant **WALTERS** was terminated in October 2011.

### THE SCHEME

4.   Beginning in or about December 2010, and continuing until in or about May 2011,

1

defendant **WALTERS** devised and intended to devise a scheme to defraud Company A, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in the approximate amount of $105,786.

## MANNER AND MEANS

5. In or about December 2010, Company A was in the process of reimbursing vendors funds that had been inappropriately withheld by Company A and defendant **WALTERS** was assisting in this process. Defendant **WALTERS** prepared an Automated Clearing House authorization form (ACH) bearing the name of a vendor of Company A. However, defendant **WALTERS** did not list the vendor's banking information. Instead, defendant **WALTERS** fraudulently listed the routing and account number for defendant **WALTERS'S** bank account; thereby intentionally causing an unauthorized transfer in the amount of $9,388 from Company A's bank account to defendant **WALTERS'S** bank account.

6. On or about December 28, 2010, defendant **WALTERS** submitted an ACH authorization form that fraudulently listed another individual as a vendor of Company A, along with this individual's bank account information, thereby intentionally causing $7,485 to be transferred from Company A's account to this individual's account. At the defendant's direction, this individual withdrew half of the funds she had fraudulently received from Company A and gave these funds to defendant **WALTERS**.

7. From on or about January 7, 2011, to on or about May 25, 2011, defendant **WALTERS** prepared and submitted eleven ACH authorization forms listing the names of Company A's vendors. However, defendant **WALTERS** fraudulently listed the banking information for another individual, thereby intentionally causing a total of $88,913 to be

2

transferred from Company A to this individual's bank account. At the defendant's direction, this individual transferred half of the funds that she had fraudulently received from Company A to defendant **WALTERS** by making deposits directly in defendant **WALTERS'S** bank account and giving cash to defendant **WALTERS.**

8. It was part of the scheme to defraud that defendant **WALTERS** was able to conceal the scheme to defraud Company A, in substantial part, because Company A's vendors were not aware that they were entitled to reimbursements from Company A, and defendant **WALTERS** used the bank account of another individual for 12 of the fraudulent transfers of funds from Company A.

## EXECUTION OF THE SCHEME

9. It was part of the scheme and artifice to defraud that defendant **WALTERS** caused a total of $105,786 in money belonging to Company A to be transmitted in interstate commerce by means of wire communications from Company A's bank account to herself and others.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of the Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $57,586.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

3

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____
Teresa A. Howie
Assistant United States Attorney
555 4th Street, NW, Rm. 5824
Washington, D.C. 20530
(202) 252-6965
teresa.howie@usdoj.gov